TACHA, Chief Circuit Judge,
concurring.
I concur fully in the Court’s opinion. I write separately only to emphasize that I *1168 read today’s opinion to address exclusively those instances in which the parties have stipulated to “loss” and the defendant did not object to that amount before the district court. Maj. Op. at 1161-1162 & 1166-1167.
I do not understand today’s opinion to address whether, in the absence of such an uncontested agreement, a party may recover “repair” costs under the MVRA and, if so, how such costs fit into the statutorily mandated methodology for measuring loss found in 18 U.S.C. § 3663A(b)(2)(B). Compare United States v. Mitchell, 876 F.2d 1178, 1184 (5th Cir.1989) (addressing identical language under the VWPA; holding that the plain language of the VWPA has no “provision authorizing restitution for lost income, cost of restoring property to its pre-theft condition, or cost of employing counsel to recover from an insurance company”) with United States v. Quillen, 335 F.3d 219, 223-24 (3d Cir.2003) (holding that a party can recover repair costs under the MVRA). Although I am dubious that the MVRA permits such recovery, I read today’s opinion to leave that question for another day.
Likewise, I do not read today’s opinion to intimate that our Circuit has already passed on this issue. Although I note that the Court cites United States v. Overholt, 307 F.3d 1231, 1254 (10th Cir.2002), as approving cleanup or repair costs under the MVRA, as the Court notes, Overholt never squarely addressed that issue. Maj. Op. at 1167 (noting that Overholt occurred under plain error standard). Instead, operating under a plain error standard of review, Overholt merely held that the issue was “not clear or obvious under current law.” Overholt, 307 F.3d at 1254. In fact, although expressing some doubt, the Over-holt court specifically left open whether repair costs are properly recoverable under the plain text of the MVRA. Id. (“Perhaps the [MVRA] could be read to say that when there is physical damage to property, the only permissible restitution is payment to the property owner of the amount calculated in accordance with that language-”).
Because I read today’s opinion to accord fully with these observations, I join without reservation.